IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 JUN 17 PM 3: 45
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| JOHN E. SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-2951 MaA |
| | ) | |
| SHELBY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE PLAINTIFF'S NONSUITED COMPLAINT AND MOTION TO DEEM ACTION TIMELY COMMENCED**

Plaintiff John E. Shelton filed a Complaint in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis on December 2, 2002. The Complaint stated eight claims for relief: workers' compensation; violation of Tenn. Code Ann. § 8-8-302 et seq.; assault and battery; false imprisonment; negligence; gross negligence; deprivation of Shelton's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983; and intentional infliction of emotional distress. The Defendants removed to federal court on December 12, 2002. On February 7, 2003, the court entered an order remanding all state law claims to the state courts. On November 21, 2003, the court granted a "Stipulated Voluntary Dismissal Without Prejudice" of the remaining federal claim under § 1983. Judgment dismissing this case without prejudice was entered on December 2, 2003.

On November 22, 2004, Shelton filed a "Motion to Reinstate Plaintiff's Nonsuited Complaint." On December 10, 2004, the Defendants filed a response. On December 16, 2004, Shelton filed a "Motion to Deem Action Timely Commenced." On December 29, 2004, the Defendants filed a response to the "Motion to Deem Action Timely Commenced." On February 3, 2005, Shelton filed a reply to the Defendants' response.

"An action dismissed without prejudice leaves the situation the same as if the suit had never been brought." Bomer v. Ribicoff, 304 F.2d 427, 428-29 (6th Cir. 1962). Consequently, a party who seeks relief on claims that were dismissed without prejudice in an earlier suit must file a new complaint stating those claims. Filing a new suit, by definition, does not involve "reinstating" a suit that has been dismissed.

Shelton claims that he attempted to file a new complaint, but was prevented from doing so by various individuals in the United States Court Clerk's Office for the Western District of Tennessee. Whether or not that is the case, Shelton's attempt to file a new suit has nothing to do with this case, No. 02-2951, which has been dismissed. Shelton does not argue that dismissal of this case was imprudent or improper. Consequently, whatever relief Shelton seeks cannot be provided by "reinstating" Case No. 02-2951.[1]

---

[1] This order does not affect Shelton's ability to file a new complaint stating his § 1983 claim or to argue that the new complaint should be considered to have been filed on a date other than its actual filing date.

2

For the foregoing reasons, Plaintiff's "Motion to Reinstate Plaintiff's Nonsuited Complaint" is DENIED and Plaintiff's "Motion to Deem Action Timely Commenced" is DENIED.

So ordered this 16th day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 33 in case 2:02-CV-02951 was distributed by fax, mail, or direct printing on June 20, 2005 to the parties listed.

---

Renee Allen-Walker
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main St.
Ste. 660
Memphis, TN 38103

Danny A. Presley
COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Carol J. Chumney
5050 Poplar Avenue
Suite 2400
Memphis, TN 38157

Honorable Samuel Mays
US DISTRICT COURT